IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS ANTHONY POWERS,

        Petitioner,

v.

BRAD CAIN, Superintendent,
Snake River Correctional Institution,

        Respondent.

Case No. 2:17-cv-01645-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

Petitioner Travis Anthony Powers ("Powers"), an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, this Court DENIES Powers' Second Amended Habeas Petition (ECF No. 44) as to grounds for relief one, two and four, and holds ground three in abeyance pending the U.S. Supreme Court's decision in *Ramos v. Louisiana*, Case No. 18-5924.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

On November 30, 2009, a grand jury returned an indictment charging Powers with two counts each of Robbery in the First Degree, Felon in Possession of a Firearm, and Tampering with a Witness, and one count of Burglary in the First Degree. Resp't Exs. (ECF No. 27), Ex. 102.[1] The charges arose out of a burglary committed at the home of Kami Clawson and Jessica Birchfield. *Id.*

At trial, Clawson testified that on the evening of August 27, 2009, she encountered a man in the stairwell of her apartment. Resp't Ex. 106 at 125. She assumed that the man was there to visit Birchfield and allowed him to enter the apartment. *Id.* at 126. Once inside the apartment, the man covered his face with a bandana, brandished a gun, and demanded money. *Id.* at 108-09, 112, 128-32, 151-53. Ultimately, both women managed to escape and call the police. *Id.* at 110, 115, 132-33. Clawson testified that when she returned home the next day, she discovered that her bedroom had been ransacked. *Id.* at 133, 135.

Clawson testified that she saw the robber's face in the stairwell and when he brandished the gun. *Id.* at 138-39, 150. However, neither woman was able to pick Powers' photograph out of a photo throwdown. *Id.* at 116-17, 119, 136, 140. Clawson and Birchfield provided consistent descriptions of the robber to the police: a white male, slender, blonde hair, approximately 5'6" to 5'8", early to mid-twenties, resembling the rapper Eminem. *Id.* at 108, 112, 118-19, 122-23, 137-38, 141-43, Resp't Ex. 107 at 35-36. Birchfield was unable to make an in-court identification of Powers, but Clawson identified Powers as the man who committed the robbery.

---

[1] Prior to trial, Powers pled guilty to the witness tampering charges and the parties stipulated that Powers had been convicted of two prior felonies. Resp't Ex. 103.

PAGE 2 – OPINION AND ORDER

Resp't Ex. 106 at 114, 138-39. Birchfield testified that the intruder was wearing latex gloves. *Id.* at 112. The prosecution presented DNA evidence obtained from two fingertips of latex gloves found in Clawson's bedroom. Resp't Ex. 107 at 31, 38, 64. Terry Coons, a forensic scientist for the Portland Metro Crime Lab, testified that the DNA found in the gloves matched Powers' DNA. *Id.* at 68, 74-75.

Brian Ward, a friend of Powers, testified that Powers asked him to offer money and marijuana to the victims to convince them not to testify. *Id.* at 17-18, 43-50. Ward also testified that he loaned Powers a gun that matched the description of the gun used in the robbery and was later found in Powers' car. *Id.* at 14-16. Brenda Davis, Powers' former girlfriend, testified that Powers asked her to testify that he was with her on the night of the robbery. Resp't Ex. 106 at 96-98, Resp't Ex. 107 at 52-57. She also testified that Powers often wore latex gloves when working on cars. Resp't Ex. 106 at 103-04.

The defense pursued the theory that Clawson misidentified Powers and that someone else committed the robbery and planted Powers' latex gloves at the scene. *See* Resp't Ex. 106 at 104-05, Resp't Ex. 107 at 58-59, 93, 148-54. In this regard, Powers' sister testified that one of her friends may have stolen Powers' backpack from her home that may have contained Powers' latex gloves. Resp't Ex. 107 at 96-99, 106-08. At the conclusion of the trial, defense counsel sought a continuance to contact a jail inmate who allegedly admitted stealing Powers' backpack. *Id.* at 118-19. Defense counsel surmised that the man's testimony might support the theory that someone stole the latex gloves containing Powers' DNA and planted them at the crime scene. *Id.* at 119-22. The trial judge denied the motion for continuance because there was insufficient evidence to warrant a delay of the trial. *Id.* at 126-28.

During closing arguments, defense counsel argued that Powers is the "victim of another felon . . . [or] a ne'er-do-well at his sister's house taking his possessions and committing a crime." *Id.* at 147. In rebuttal, the prosecutor challenged the defense theory because it required the jury to believe that the person who stole Powers' gloves coincidentally fit the victims' physical description of the robber. *Id.* at 161-62. The prosecutor argued that such an assertion was "insulting to the victims." *Id.* at 162. The trial judge overruled defense counsel's objection to the comment as follows:

> [THE STATE]: How incredibly unfortunate for the defendant that the same person who happened to steal his gloves to use, [that] had only the defendant's DNA in them, happened to look exactly like the defendant. Incredible.
>
> It is insulting to the victims in this case --
>
> [THE DEFENSE]: Objection.
>
> [THE STATE]: – to come in here –
>
> THE COURT: Overruled.
>
> [THE STATE]: – and say that Kami Clawson is not credible. It is insulting to call the defendant a victim. He might be a lot of things. He's not a victim unless it's of his own stupidity.

*Id.*

At the conclusion of his rebuttal, the prosecutor argued that although everyone is entitled to a fair trial, Powers' defense was insulting to the jury. *Id.* at 166. The trial judge sustained defense counsel's objection to the comment as follows:

> [THE STATE]: There's only one person whose been identified in this case by one of the two victims. It was the defendant.
>
> And look at this, this -- this is incredible. I even like the Eminem picture. I disagree with the defense attorney, he looks exactly like him. Same jaw, same

eyes, same hair color. Very similar nose. Everybody is entitled to (inaudible) a fair trial, but it is insulting to you –

[THE DEFENSE]: Objection, relevance.

THE COURT: Um.

[THE DEFENSE]: Improper argument.

THE COURT: It is improper – it is improper argument to say it's insulting to the jury, so sustained.

*Id.* Defense counsel subsequently moved for a mistrial based on the same objections which the trial court denied. *Id.* at 185.

The jury convicted Powers of all charges and the trial judge sentenced him to a 180-month term of incarceration. Resp't Ex. 101, Resp't Ex. 108 at 16-19, 132, 133. Powers filed a direct appeal raising six assignments of error, including that the trial court erred when it denied his motion for mistrial. Resp't Ex. 109. Petitioner argued that the prosecutor's statements that the defense theory was "insulting to the victims" and "insulting to the jury" were calculated to inflame the passions of the jury and deprived him of his Fourteenth Amendment right to a fair trial. *Id.* at 17. Petitioner also assigned error to the trial judge's instruction to the jury that it could return a non-unanimous verdict. *Id.* at 19-24. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Powers*, 249 Or. App. 179, *rev. denied* 352 Or. 265 (2012).

Powers sought state post-conviction relief ("PCR"), alleging multiple claims of ineffective assistance of counsel and that his guilty plea to the charges of tampering with a witness was not knowing, intelligent, and voluntary. Resp't Ex. 120. The PCR court agreed that trial counsel was ineffective in failing to move to merge Powers' convictions for felon in

possession of a firearm, but denied post-conviction relief in all other respects. Resp't Ex. 138. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Powers v. Premo*, 283 Or. App. 649, *rev. denied* 361 Or. 671 (2017).

In the instant proceeding, Powers alleges that the trial court violated his Sixth and Fourteenth Amendment rights by denying his motions for a continuance and for a mistrial, and by instructing the jury that it could reach a non-unanimous verdict. Pet'r's Second Am. Pet. at 3-4. Additionally, Powers alleges that trial counsel rendered constitutionally ineffective assistance in several particulars. *Id.* at 4-5. Respondent urges the Court to deny habeas relief because Powers procedurally defaulted his available state remedies as to ground one and ground four (subparts A-F, I, and J). Further, Respondent argues that the state courts' decision denying the remaining grounds is neither contrary to, nor an unreasonable application of, clearly established federal law.

## DISCUSSION

### I. Procedural Default (Ground One and Ground Four, Subparts A-F, I, and J)

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). "[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (internal quotation omitted); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A fair presentation requires the

petitioner to reference both the specific federal constitutional guarantee at issue and the facts that support his claim. *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014).

A claim that was not, and can no longer be, presented fairly in state court is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner is barred from raising procedurally defaulted claims in federal court unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In ground one, Powers alleges that the trial court violated his right to due process by denying his motion for a continuance. Pet'r's Second Am. Pet. at 3. Powers procedurally defaulted this claim by failing to fairly alert the state appellate courts on direct review that he was raising a federal constitutional claim. Powers' assignment of error was premised exclusively on state law and made no reference to the Due Process Clause or his federal constitutional right to a fair trial. *See* Resp't Ex. 109 at 9, 13-15, Resp't Ex. 111 at 5-8.

In ground four, subparts A-F, I, and J, Powers alleges that trial counsel rendered ineffective assistance of counsel by failing to conduct a sufficient pretrial investigation, move to suppress or strike in-court identifications, advise Powers of his right to move to sever the witness tampering charges, and argue for the merger of the two counts of felon in possession of a firearm. Pet'r's Second Am. Pet. at 4-5. Powers procedurally defaulted these ineffective assistance of counsel claims by failing to raise them on appeal from the denial of post-conviction relief. *See* Resp't Exs. 140, 142.

Powers is now precluded from pursuing relief in state court. *See* OR. REV. STAT. § 138.071(1) (providing that criminal appeal must be filed within thirty days of judgment); OR. REV. STAT. § 138.550(3) (providing that all grounds must be asserted in original or amended PCR petition unless the court concludes in a hearing on a subsequent petition that the grounds could not reasonably have been raised). Accordingly, the foregoing grounds are procedurally defaulted. Powers does not contend that any of the grounds were properly exhausted in state court or that his procedural default should be excused based on a showing of cause and prejudice or to avoid a miscarriage of justice. *See Coleman*, 501 U.S. at 750. Accordingly, habeas relief is denied as to ground one and ground four, subparts A-F, I, and J.

## II. The Merits

### A. Unargued Grounds (Ground Four, Subparts G, H, and K)

In ground for relief four, subparts G, H, and K, Powers alleges that trial counsel was ineffective for failing to demur to or sever the witness tampering charges and by stipulating that Powers had two prior felony convictions. Pet'r's Second Am. Pet. at 5. Powers has failed to address these grounds in his supporting memoranda. This Court nevertheless has reviewed the grounds and concludes that Powers has failed to sustain his burden of proving that habeas relief is warranted. Accordingly, the Court denies habeas relief on ground four, subparts G, H, and K. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (holding that a petitioner bears the burden of proving his claims under § 2254(d)(1) and (2)); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same).

///

///

PAGE 8 – OPINION AND ORDER

### B. Prosecutorial Misconduct and Denial of Motion for Mistrial (Ground Two)

In ground two, Powers alleges that the trial court violated his "due process right to a fair trial when it denied the defense motion for a mistrial based on prosecutorial misconduct in closing arguments." Pet'r's Second Am. Pet. at 3. This Court's review of the state court's rejection of Powers' prosecutorial misconduct claim is governed by 28 U.S.C. § 2254 and the harmless error standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Pursuant to 28 U.S.C. § 2254(d), this Court shall not grant a petition for writ of habeas corpus filed by a state prisoner, with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). "In addition, even if [the] state court decision is 'contrary to,' or 'involved an unreasonable application of,' clearly established federal law, [this Court] may grant relief only if petitioner shows that the error had a 'substantial or injurious effect' on the verdict.'" *Parle v. Runnels*, 387 F.3d 1030, 1035, 1044 (9th Cir. 2004), *quoting Brecht*, 507 U.S. at 637-38; *Rowland v. Chappell*, 876 F.3d 1174, 1189 (9th Cir. 2017); *Floyd v. Filson*, No. 14-99012, 2019 WL 5090756, at *14 (9th Cir. Oct. 11, 2019).

Because the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review, this Court conducts an independent review of the record. *Rowland*, 876 F.3d at 1181 (holding that habeas court conducts independent review when there is no reasoned state court decision).

PAGE 9 – OPINION AND ORDER

Powers contends that the prosecutor's comments during closing arguments and the trial court's denial of his motion for a mistrial violated his due process right to a fair trial. Pet'r's Br. in Supp. (ECF No. 34) at 5-6. Powers argues that "[b]y characterizing the defense theory as insulting to the victims and to the jurors, the prosecutor attacked and denigrated (1) the presumption of innocence, (2) the constitutional right to stand trial, (3) the right to present a defense, and (4) the right to a fair trial." *Id.* at 6.

"A prosecutor's improper comments violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Rowland*, 876 F.3d at 1187-88, *quoting Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Floyd*, 2019 WL 5090756, at *14. It is not enough that the prosecutor's remarks were undesirable or even universally condemned (*Darden*, 477 U.S. at 181) because "the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982); *Trillo v. Biter*, 769 F.3d 995, 1000-01 (9th Cir. 2014). Factors relevant to a prosecutorial misconduct claim include the weight of the evidence, the prominence of the comment in the context of the trial, whether the prosecutor misstated the evidence, whether the judge instructed the jury to disregard the prosecutor's comment, whether the comment was invited by defense counsel's summation, and whether defense counsel had an adequate opportunity to rebut the comment. *See Darden*, 477 U.S. at 181-82; *Floyd*, 2019 WL 5090756, at *14; *Trillo*, 769 F.3d at 1001.

This Court concludes that the prosecutor's comments during closing argument did not "manipulate or misstate the evidence, nor did [they] implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Darden*, 477 U.S. at 182. The

PAGE 10 – OPINION AND ORDER

comments were not prominent in the context of the entire trial, did not pressure the jury to reach a guilty verdict based on facts not in evidence, and largely were responsive to defense counsel's argument that Powers was a "victim" of another felon. The prosecutor did not comment on Powers' right to stand trial, to present a defense, or to the presumption of innocence. After the trial judge sustained defense counsel's objection to the second comment, the prosecutor rephrased the argument, properly stating that "[a]lthough everyone is entitled to a fair trial, it is important to not parse out any part of this, but look at it collectively together." Resp't Ex. 107 at 166. Moreover, the trial judge instructed the jury that Powers is presumed innocent unless proven guilty beyond a reasonable doubt, that it is the jury's duty to decide the facts from the evidence presented, that their verdict must not be influenced by personal feelings, sympathy or prejudice, that they must follow the court's ruling on any objections, and that counsel's closing arguments are not evidence. Resp't Ex. 106 at 64-66, Resp't Ex. 107 at 167-69.

Finally, the overwhelming weight of the evidence supports the jury's guilty verdict. The victims provided similar descriptions of the robber and Clawson identified Powers at trial. Birchfield testified that the robber wore latex gloves and the only DNA found in the fingertips of the gloves matched Powers' DNA. Ward testified that he loaned Powers a gun similar to the gun used in the burglary and later found in Powers' car. Powers' assertion of innocence was contradicted by testimony that he tried to convince Davis to provide him a false alibi and coerce Ward to bribe the victims not to testify. This Court is not convinced by Powers' assertion that the non-unanimous verdicts on counts one through three demonstrate "that the prosecution's case on the most serious charges was not overwhelming." *See* Pet'r's Br. in Supp. at 11.

In sum, this Court concludes based on an independent review of the record that Powers has not demonstrated that the state court's decision rejecting his prosecutorial misconduct claim is contrary to, or an unreasonable application of, clearly established law (28 U.S.C. § 2254(d)(1)), or that the prosecutor's statements had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht*, 507 U.S. at 638. Accordingly, habeas relief is not warranted.

### C. Non-Unanimous Jury Verdict (Ground Three)

At the conclusion of the trial, the judge instructed the jury that "ten or more jurors must agree on your verdict." Resp't Ex. 107 at 171, 173. The jury returned an 11-1 verdict on counts one through three of the indictment. *Id.* at 188-90. Powers argues that the verdict violates his right to a unanimous verdict under the Sixth Amendment. Pet'r's Second Am. Pet. at 4.

Powers previously moved the Court to stay this proceeding pending the Supreme Court's ruling on this issue in *Ramos v. Louisiana*, No. 18-5924. Pet'r's Mot. to Stay (ECF No. 46). Although this Court declined to stay the entire proceeding, it granted Powers' motion to the extent that ground three is held in abeyance pending the Supreme Court's ruling in *Ramos*. Orders (ECF No. 49, 51). Accordingly, this Court defers ruling on ground three.

### CONCLUSION

Based on the foregoing, this Court DENIES Powers' Second Amended Petition (ECF No. 44) as to grounds for relief one, two, and four, and holds ground three in abeyance pending the Supreme Court's decision in *Ramos v. Louisiana*. Powers shall advise the Court when the Supreme Court issues its decision.

///

This Court DENIES Powers' request for an evidentiary hearing (Pet'r's Second Am. Pet. at 6) because he has failed to explain why an evidentiary hearing is warranted to supplement the record. *See Gandarela v. Johnson*, 286 F.3d 1080, 1087-88 (9th Cir. 2002) (denying evidentiary hearing because the petitioner failed to demonstrate that a hearing would produce evidence more reliable or more probative than that already before the district court)..

**IT IS SO ORDERED.**

DATED this 19th day of November, 2019.

Karin J. Immergut
United States District Judge